■ JILL DeANGELIS, an Infant, by Her Father and Natural Guardian, PETER DE ANGELIS, Respondent, v WESTCHESTER GYNECOLOGISTS & OBSTETRICIANS, P. C., et al., Defendants, and ANNA GREER, as Representative of the Estate of "JOHN" GREER, Deceased, et al., Appellants.—In a medical malpractice action, the defendants James T. Howard, Jr., and Anna Greer as representative of the estate of John Greer, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), dated August 27, 1987, as denied that branch of their cross motion which was to compel the infant plaintiff's mother to answer specified questions propounded at an examination before trial.

On the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, that application is referred to Justice Spatt and leave is granted by Justice Spatt (CPLR 5701 [c]).

Ordered that the order is reversed insofar as appealed from, with one bill of costs, the cross motion is granted to the extent that Mary Logan DeAngelis, the infant plaintiff's mother, is directed to submit to further examination before trial concerning her prior medical history in accordance herewith. The

examination shall be held at a time and place to be specified in a notice of not less than 10 days to be given by the appellants to the plaintiff and to Mary Logan DeAngelis personally.

The infant plaintiff's bill of particulars placed in issue the alleged failure of the appellants "to diagnose, evaluate, appreciate and correlate the significance of the maternal past history". Thus, the questions posed by the appellants' counsel at the examination before trial of the infant plaintiff's mother concerning her prior pregnancies and her physical condition prior to the pregnancy which resulted in the birth of the infant plaintiff sought relevant information (CPLR 3101 [a]; *Hughson v St. Francis Hosp.*, 93 AD2d 491, 493). Furthermore, as counsel sought only factual matter and did not inquire as to communications between the infant plaintiff's mother and any medical professional, the information sought was not protected by the physician-patient privilege *(see,* CPLR 4504; *Williams v Roosevelt Hosp.*, 66 NY2d 391). Accordingly, the infant plaintiff's mother should have answered the questions posed, and that branch of the appellants' cross motion which was to compel further examination of this witness as to those issues should have been granted.

The appellants' request for an order directing production of the infant plaintiff's mother's medical records and the infant plaintiff's siblings' academic records is improperly raised for the first time on this appeal. Therefore, we decline to consider this request and express no opinion as to whether that relief should be granted. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.