■ TROY JACKSON, Respondent, v ST. JOHN'S EPISCOPAL HOSPITAL SMITHTOWN et al., Appellants. [631 NYS2d 940] —In an action to recover damages for medical malpractice, the defendants John Giordano, Giuseppe Basile, and Julius Grieco appeal, and the defendant Episcopal Health Services, Inc., s/h/a St. John's Episcopal Hospital Smithtown separately appeals, from an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 25, 1994, which denied the motion by Episcopal Health Services, Inc., s/h/a St. John's Episcopal Hospital Smithtown, and the cross motion by John Giordano, Giuseppe Basile, and Julius Grieco to compel further examinations before trial of the plaintiff and his mother.

Ordered that the appeals from so much of the order as denied those branches of the defendants' respective motion and cross motion which were for a further examination before trial of the plaintiff are dismissed; and it is further,

Ordered that the defendants' briefs are treated as applications for leave to appeal from so much of the order as denied those branches of the defendants' respective motion and cross motion which were for a further examination before trial of the plaintiff's mother, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as reviewed, those branches of the motion and cross motion are granted to the extent that the plaintiff's mother is directed to submit to a further examination before trial concerning her prior medical history in accordance herewith; and it is further,

Ordered that the appellants appearing separately and filing separate briefs are awarded one bill of costs.

The appeals from so much of the order as denied those branches of the defendants' respective motion and cross mo-

tion which were for a further examination of the plaintiff are in the nature of appeals from an order made upon an application to review objections raised at an examination before trial, and such an order is not appealable as a matter of right *(see, Stoller v Moo Young Jun,* 118 AD2d 637; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500).

The plaintiff alleged that because of the defendants' negligence he sustained brain damage at birth, causing mental retardation. The plaintiff's bill of particulars alleged that the defendants failed to properly evaluate and treat his mother's condition prior to giving birth. Thus, since the plaintiff's mother's condition prior to the plaintiff's birth was put in issue, the defendants should be allowed to inquire at her further examination before trial about her prior medical history *(see, DeAngelis v Westchester Gynecologists & Obstetricians,* 145 AD2d 593; *Hughson v St. Francis Hosp.,* 93 AD2d 491). The plaintiff's mother will be permitted, if she elects, to claim the physician-patient privilege with respect to any confidential communication so protected *(see, Williams v Roosevelt Hosp.,* 66 NY2d 391; *Hughson v St. Francis Hosp., supra).* Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.