■ DONALD R. STRAIN, Appellant, v RICHARD C. STRAIN, Respondent. [686 NYS2d 98] —In an action, *inter alia*, for specific performance of an alleged agreement for the sale of shares of a closely-held corporation and for injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated September 26, 1997, as (1) granted the defendant's motion for a protective order prohibiting the plaintiff and his counsel from inquiring into certain matters at a continued examination before trial, and (2) denied those branches of his cross motion which were (a) to disqualify the law firm of Rider, Weiner, Frankel & Calhelha, P. C., from representing the defendant and/or the corporation in this action, and (b) for preliminary injunctive relief.

Ordered that the appeal from so much of the order as granted the defendant's motion for a protective order is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from so much of the order as granted the defendant's motion for a protective order is dismissed, since an order made upon an application to review objections raised at an examination before trial is not appealable as of right (*see, Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573; *Cruz v Roman Catholic Church For Most Holy Trinity,* 222 AD2d 395; *Jackson v St. John's Episcopal Hosp. Smithtown,* 220 AD2d 484). The plaintiff did not request permission to appeal, and we decline to *sua sponte* grant the plaintiff leave to appeal.

The Supreme Court properly denied the plaintiff's application to disqualify the law firm of Rider, Weiner, Frankel & Calhelha, P. C., from representing the defendant and/or the corporation in this action. As the court accurately observed, the central issue in this action is whether the parties entered into a binding and enforceable stock transfer agreement in or about June 1994. Since the law firm was not retained by the defendant until August 1994, the firm did not represent the interests of the corporation or of any party at the time the purported agreement was made, nor did any of its members participate in the negotiation of the agreement or witness any relevant events pertaining to its creation. Under these circumstances, the plaintiff failed to set forth a viable basis for disqualification of the law firm.

The plaintiff's remaining contention is without merit. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.